March 15, 2024

<u>V<small>IA</small> ECF</u>

The Honorable Peter H. Kang
United States Magistrate Judge
San Francisco Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *In re DMCA Subpoena to X Corp. dba Twitter*, Misc. Case No. 3:23-mc-80294-PHK

Dear Judge Kang:

Pursuant to the Court's Order of February 12, 2024 (Dkt. 14), Movant Cognosphere Pte. Ltd. ("Cognosphere") and interested party X Corp. ("X Corp.") jointly submit this supplemental letter setting forth their respective positions on the questions raised by the Court.

## Position of X Corp.

Free speech protections under the First Amendment extend to anonymous speech on the Internet. *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to online speech); *Brown v. Entm't Merch. Ass'n,* 564 U.S. 786, 790 (2011) ("'the basic principles of freedom of speech . . . do not vary' when a new and different medium for communication appears."). And while the right to speak anonymously is not absolute, First Amendment safeguards apply when a litigant seeks to unmask an anonymous speaker on the Internet in purported efforts to pursue claims against that person.[1] *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. June, 21, 2022) ("*Bayside*") (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011)); *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021).

To unmask an anonymous speaker on the Internet consistent with First Amended safeguards, a two-step inquiry must be undertaken. *Bayside*, 608 F. Supp. 3d at 876. "First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim. Second, the court balances the need for the discovery against the First Amendment interest at stake." *Id.* This applies regardless of whether the party seeking disclosure has served a third-party subpoena under Fed. R. Civ. P. 45 or a subpoena under the DMCA. *Id.* at 877-83; *Baugher*, 2021 WL 4942658, at *2-3; *see also In re Subpoena to Reddit, Inc.*, 2024 WL 477519, at *2-3 (N.D. Cal. Feb. 7, 2024).

The question before the Court here is whether a party that has served a DMCA subpoena must satisfy this two-step inquiry, or, as Cognosphere argues, whether the mere issuance of a DMCA

---

[1] A court order, even when issued pursuant to a private party's request, is state action subject to constitutional limitations. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 265 (1964). It follows that court orders compelling production of an individual's identity under circumstances implicating fundamental rights are "subject to the closest scrutiny." *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 461 (1958); *Bates v. City of Little Rock*, 361 U.S. 516, 524 (1960).

16358783.1

subpoena enables that party to bypass the inquiry. This issue was squarely addressed in *Baugher*, and was decided in line with X Corp.'s position and *Bayside*.

The *Baugher* court held that the party seeking to unmask an anonymous user via a DMCA subpoena must still demonstrate a prima facie claim. *Baugher*, 2021 WL 4942658, at *2-3. Finding otherwise, based merely "on [an] attestation of a good faith belief of the Does' copyright infringement would render the Does' ability to quash the subpoena on constitutional grounds, as provided for in § 512(h)(6) and Rule 45, a nullity." *Id.*, at *3 (citing *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1157-58 (N.D. Cal. Apr. 22, 2013)).

Cognosphere's position has thus not only been rejected by other courts, but if adopted would create an unjustifiable anomaly. It would enable a party serving a DMCA subpoena to skip the two-step inquiry and circumvent the associated First Amendment safeguards—while a party that has sued doe defendants for alleged copyright infringement and issued a civil subpoena to a third party under Fed. R. Civ. P. 45 would still need to satisfy that two-step inquiry. *See Music Group Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (holding that, in a non-DMCA copyright case, a party seeking to unmask an anonymous speaker on Twitter is required to follow the two-step inquiry consistent with First Amended safeguards). No such disparity should be created that enables a subpoenaing party to bypass First Amendment safeguards, particularly where the DMCA "cannot be read to authorize enforcement of a DMCA subpoena in violation of the First Amendment." *Signature Mgmt. Team*, 941 F. Supp. 2d at 1153.

Here, X Corp. was entitled to object to Cognosphere's DMCA subpoena on First Amendment grounds, as the DMCA subpoena did not create an automatic right by Cognosphere to obtain information unmasking anonymous users. *See Bayside*, 608 F. Supp. 3d at 877-83; *Baugher*, 2021 WL 4942658, at *2-3. Cognosphere, thereafter, was required to present the Court with competent evidence, demonstrating a prima facie case of copyright infringement, including that Cognosphere has ownership of the allegedly infringed material. Cognosphere has not done that. Even if it had, the court must balance the need for the discovery against the First Amendment interest at stake.

The record contains only an attorney declaration from Cognosphere's counsel, stating that Cognosphere holds a valid copyright in the material at-issue. ECF 1-1. However, an attorney declaration cannot lay the proper foundation for such factual assertions. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222-23 (9th Cir. 2013) (finding inadmissible attorney's declaration); *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012); *In re Zoom Video Commc'ns Inc. Privacy Litig.*, 525 F. Supp. 3d 1017, 1042 (N.D. Cal. 2021) (party failed to demonstrate paralegal had personal knowledge whether each plaintiff agreed to terms).

This is not to say that Cognosphere may never be able to prove its claims against the purported infringers. X Corp. takes no position on that. X Corp. does, however, believe that the proper test must be followed to unmask anonymous users on its platform. To that end, and consistent with the case law cited above and in X Corp.'s portion of the parties' previous joint letter (ECF 13, pp. 3-6), X Corp. was entitled to object to the subpoena on First Amendment grounds, and the subpoena itself did <u>not</u> create an automatic right in Cognosphere to bypass First Amendment safeguards. Cognosphere was then required to demonstrate to the Court, via competent evidence, a prima facie case for copyright infringement, and that its need for the data outweighs the

16358783.1

anonymous users' interests. X Corp. respectfully leaves those determinations to the Court, but at least as to a prima facie showing, does not believe that Cognosphere has carried its burden to unmask an anonymous speaker on the Internet consistent with the First Amendment. Cognosphere has likewise not made any showing as to the balancing aspect of the inquiry.

## Position of Cognosphere

The proper First Amendment standard for unmasking an anonymous speaker depends upon the circumstances underlying the request, as well as whether Congress has already specified a procedure that balances putative First Amendment interests. Such an approach is dictated by Ninth Circuit guidance. *See Anonymous Online Speakers,* 661 F.3d 1168, 1177 (9th Cir. 2011) ("[W]e suggest that the nature of the speech should be a driving force in choosing a standard by which to balance the rights of anonymous speakers in discovery disputes.... The specific circumstances surrounding the speech serve to give context to the balancing exercise."). Where, as here, infringement is undisputed and no fair use challenge has been articulated, the standard for an anonymous *infringing* speaker properly begins and ends with the clear statutory language—namely, the takedown and subpoena provisions of the Digital Millennium Copyright Act, 17 U.S.C. §512 ("DMCA"). However, even if this Court applied its own fair use inquiry under the Copyright Act, or the stricter *Highfields* test, the result would be the same.

First Amendment considerations are fully accounted for within the Copyright Act itself. Congress enacted the DMCA's subpoena provisions to permit copyright owners to identify anonymous online infringers, and to do so in a manner congruent with the "built-in First Amendment accommodations" afforded by copyright law. *In re DMCA Subpoena to Reddit, Inc.,* 441 F. Supp. 3d 875, 883 (2020) ("*In Re Reddit*"). Thus, DMCA notices must attest under penalty of perjury to the good faith belief that the use at issue is unauthorized by law—*i.e.*, by definition, that the content is **not** fair use. *See id.* (noting "Congress's determination that fair use is not a mere defense to copyright infringement, but … is a use that is not infringing at all."). A validly issued DMCA subpoena based on such notices, wholly unopposed, mandates compliance.

To the extent courts in this District have separately applied First Amendment principles to DMCA subpoenas, they uniformly have done so in specific situations that, on their face, present obvious free speech and public interest issues. *See, e.g. In Re Reddit,* 441 F. Supp. 3d at 877, 884 (public interest group moved to quash subpoena on behalf of anonymous user who criticized a religious group, supported by user's declaration)*; In re DMCA § 512 (h) Subpoena to Twitter, Inc.,* 608 F. Supp. 3d 868, 874 (2022) ("*Bayside*") (X Corp. predecessor moved to quash subpoena aimed at user who criticized "a private-equity billionaire"). That is not the case here.

By contrast, for routine DMCA subpoenas such as this one, when neither the subpoena nor its underlying infringement notices are meaningfully challenged, the standard for allowing copyright owners to identify an anonymous speaker should be cabined to the procedures enacted in the DMCA.[2] Should this Court determine that any further level of analysis is appropriate—

---

[2] Although Cognosphere believes it not to be required for the reasons explained herein, at the Court's request it can submit (under seal) evidence of the infringing content and a brief declaration concerning its contents. Under X's policies, notice of the subpoena would have been sent to the account holder(s). *See* https://help.twitter.com/en/rules-and-policies/x-legal-faqs.

16358783.1

despite the absence of assertion that the accounts are U.S-based or contain U.S.-directed speech—Cognosphere agrees with *In Re Reddit* that the Copyright Act furnishes the correct principles, and that tests originating in other areas are ill-suited to the DMCA context:

> While the *Highfields* test certainly has a role in some online speech cases, it is not well suited for a copyright dispute. It begs the question to a degree because the First Amendment does not protect anonymous speech that infringes copyright. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ('[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.').

441 F. Supp. 3d at 882. The court in *In Re Reddit* thus looked to the fair use factors codified at 17 U.S.C. §107. As Cognosphere detailed in the prior letter, the use here (distributing unreleased video game content) is plainly not fair use—and even X does not argue otherwise. Dkt.7 at 3-5.

There is no reason here for the Court to apply the two-part *Highfields* test, in which "[t]he court determines whether the subpoenaing party has made a prima facie showing of the claim for which disclosure is sought, and if so, the balance of harms to the competing interests caused by granting or denying the subpoena." *In Re Reddit*, 441 F. Supp. 3d at 880 (citing, *inter alia, Highfields Capital Management L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)). While *some* courts in this district have applied that test, even the case that applied it to a Twitter account did ***not*** find it was required in all circumstances. *See Bayside*, 608 F. Supp. 3d at 878. Regardless, applying the *Highfields* test here would confirm that enforcement is proper. As *Bayside* recognized, "In some cases, no [fair use] analysis is required; it is obvious, for example, that downloading and distributing copyrighted music via peer-to-peer systems does not constitute fair use." *Id.* at 879. The claims here are at least equally "obvious," and there are no counter-vailing harms or interests to weigh, especially since (by statute) the subpoena was conditioned on a sworn statement that the information would be used only to enforce Cognosphere's copyright interests. There is no First Amendment basis for online platforms to refuse compliance with unchallenged DMCA subpoenas validly sought and issued under 17 U.S.C. §512(h).

In other words, the tests in *In Re Reddit* or *Bayside* would warrant the same conclusion as the DMCA itself: the subpoena should be enforced. But for an ***unchallenged*** DMCA subpoena, to require a separate test beyond DMCA procedures would be contrary to Congress's intent, would place an undue burden on copyright owners, and would signal to infringers that they can evade identification by using platforms such as X that refuse to comply without a separate court order.

Respectfully submitted,

| | |
|---|---|
| JAMES D. BERKLEY | JON HAWK |
| MITCHELL SILBERBERG & KNUPP LLP | MCDERMOTT WILL & EMERY LLP |
| | |
| By: /s/ James D. Berkley | By: /s/ Jon Hawk |
| James D. Berkley | Jon Hawk |
| *Attorney for Cognosphere Pte. Ltd.* | *Attorney for X Corp.* |

16358783.1

5

**Attestation Regarding Signatures-Local Rule 5-1(i)**

      I, James D. Berkley, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: March 15, 2024           By: /s/ James D. Berkley
                                                 James D. Berkley
                                                 Attorney for Cognosphere Pte. Ltd.

16358783.1